UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **S5 23 Cr. 80** |
| Yolanda Lawrence, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby

finds and orders as follows:

<u>**Categories**</u>

1. **Disclosure Material.** The Government has made and will make disclosure to the

defendant of documents, objects and information, including electronically stored information

("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the

Government's general obligation to produce exculpatory and impeachment material in criminal

cases, all of which will be referred to herein as "Disclosure Material." The Government's

Disclosure Material may include material that (i) affects the privacy, confidentiality and business

interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's

ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if

publicly disseminated; (iv) may be produced with more limited redactions than would otherwise

be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that

which is necessary for the defense of this criminal case.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

2.   Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media. Disclosure Material may be disclosed by defense counsel to:

      a.   The defendant;

      b.   Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

      c.   Prospective witnesses for purposes of defending this action.

**Other Provisions**

3.   This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

4.   The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

5.   The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall

2

be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

6.  Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

7.  This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

**Retention of Jurisdiction**

8.  The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney


by:  /s/ Derek Wikstrom_____          Date:   5/9/2023_____
    Kedar S. Bhatia
    Rebecca T. Dell
    Derek Wikstrom
    Assistant United States Attorneys


    /s/ Christopher D. Wright_____          Date:   5/9/2023_____
    Christopher D. Wright, Esq.
    Counsel for Yolanda Lawrence


SO ORDERED:

Dated:  New York, New York
        May  9, 2023

                                    /s/ Laura Taylor Swain___
                                THE HONORABLE LAURA TAYLOR SWAIN
                                CHIEF UNITED STATES DISTRICT JUDGE